## W. G. PERCIVAL *v.* C. G. HARRES ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Submitted April 1, 1891—Decided May 18, 1891.

1. In trespass for conspiracy to defraud, the testimony submitted indicating fraud on the part of one of the defendants, in the matters alleged, and conduct on the part of the others that in fact tended to aid in its ac-

Statement of Facts.

complishment, the question of intent involved was for the jury, and it was error to direct a verdict for the defendants.

2. Discrepancies in the testimony, and matters of fact in evidence difficult of credence, complicated but did not destroy the plaintiff's case. Whether the testimony was truthful, and whether the fraudulent advantage to one of the defendants was intentionally aided by the conduct of the others, were questions for the jury.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 158 January Term 1891, Sup. Ct.; court below, No. 440 June Term 1888, C. P. No. 3.

On August 18, 1888, Winston G. Percival, to use of A. Jackson Loecher, brought trespass against Charles G. Harres, Richard P. Lardner and Tony Auer, filing a statement of claim averring as follows :

" The plaintiff was the owner of the stock and fixtures of a grocery store, situate at No. 1802 Columbia Avenue, in the city of Philadelphia.

" On the fourteenth day of July, A. D. 1888, Tony Auer, one of the defendants, applied to the plaintiff to sell him the stock and fixtures, and offered the sum of seven hundred dollars for the same. This sum the plaintiff agreed to accept, provided the said sum was paid in cash or was perfectly secured, but refused to accept Auer's unindorsed notes for the same. Auer then offered Richard P. Lardner, another of the defendants, as indorser of his notes, and produced said Lardner, who did indorse said notes, averring at the time his perfect solvency and responsibility. Plaintiff not being satisfied with these assurances, as to the solvency of Lardner or Auer, by the directions of Auer called on Charles G. Harres, another of the defendants, and stated the whole transaction to him, and asked his knowledge of the responsibility of the parties, particularly of Lardner. Harres then stated and represented to the plaintiff that Lardner was perfectly responsible and solvent, and that he, the said Lardner, was the owner of the premises, No. 150 N. Water street, in the city of Philadelphia, which said property was clear of encumbrances, and was also the owner of an interest of the value of from $5,000 to $6,000 in an estate known as the Lardner estate.

Arguments.

" Believing in the truth of these statements and representations, and on the faith of the same, the plaintiff delivered to the said Tony Auer the stock and fixtures of the grocery store aforesaid, on the fourteenth day of July, A. D. 1888, receiving therefor two notes of the said Tony Auer, indorsed by the said Richard P. Lardner, for the sum of $350 each, dated July 14, 1888, and payable in thirty and sixty days, respectively.

" And the said plaintiff avers that all the said statements and representations were false and fraudulent, and were made in order and in pursuance of a combination of the defendants to cheat and defraud him of the stock and fixtures of the said grocery store; and that the said Lardner was not solvent, nor responsible, and was not the owner of the premises No. 150 N. Water street, and said premises were not clear of all encumbrances, and said Lardner was not the owner of an interest in the Lardner estate of the value of between $5,000 and $6,000.

" Plaintiff further avers that in pursuance of said combination and conspiracy on the part of the said defendants, and in consequence thereof, the said defendants did obtain, and he, the said plaintiff, was defrauded of the said stock and fixtures, and has sustained damage to the amount of one thousand dollars, which, with costs of suit, he claims to recover in this action."

The notes referred to in the statement of claim were notes at thirty and sixty days, each for three hundred and fifty dollars, dated July 14, 1888, made by Tony Auer to the order of Winston G. Percival, payable at the Tenth National Bank, and indorsed in the following order: Winston G. Percival, Richard P. Lardner, A. J. Loecher.

The cause being put at issue was tried on April 29, 1889. At the close of the testimony as to the facts sufficiently appearing in the opinion of the court, infra, the court, FINLETTER, P. J., instructed the jury to find a verdict for the defendants. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal assigning the instruction to find for the defendants for error.

*Mr. James M. West* and *Mr. Edward Brady,* for the appellant.

*Mr. W. W. Ker,* for the appellees.

Opinion of the Court.

OPINION, MR. JUSTICE MITCHELL:

This is an action for conspiracy to defraud, and the plaintiff's case is substantially this: That, being desirous of selling out his grocery business, he advertised it, and received an offer from defendant Auer, which resulted in an agreement to sell for seven hundred dollars, payable in thirty and sixty days, and secured by two promissory notes of Auer, indorsed by defendant Lardner. During the negotiations, plaintiff claims that Harres, the third defendant, made very specific representations as to the financial responsibility of Lardner, including statements not only as to his real estate, but also as to his bank accounts, and the balances then to his credit therein. The transaction was hurried through by the urgency of Auer, who said he wanted the benefit of the Saturday sales, and possession was delivered to him on that day. There is some evidence that the other defendants got groceries from the store that same night. On the following Monday week, the stock, fixtures, etc., were sold out at auction by Auer. The notes were not paid, and Auer and Lardner proved to be financially irresponsible.

This is the transaction, according to plaintiff's evidence, and it has the appearance of a bald fraud on the part of Auer, and conduct on the part of the other defendants which in fact tended to aid in its accomplishment. Whether done with that intent was a matter of inference from all the circumstances. Uncontradicted, the plaintiff's case would support the inference of a combination to effect the actual result. There were some discrepancies in the evidence in plaintiff's behalf, and some things difficult of credence. Among the latter, the fact that plaintiff's friend and amateur counsel, Serfass, calling himself a lawyer, intending to make Lardner a surety for Auer drew up the notes so as to put him in the place of a subsequent indorser to plaintiff. But these difficulties only complicate, and do not necessarily destroy plaintiff's case. Whether it was true, and, if true, whether it showed that the fraudulent advantage to Auer was intentionally aided by the other defendants, were questions for the jury.

Judgment reversed, and venire de novo awarded.